UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POSITANO PLACE AT NAPLES
IV CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                               Case No.:   2:21-cv-186-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 53), recommending that the Court grant Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 44). Defendant objected (Doc. 54), and Plaintiff responded (Doc. 60). After independently examining the file and on consideration of Judge McCoy's findings and recommendations, the Court accepts and adopts the R&R in whole.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party specifically objects to an R&R, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## BACKGROUND

This is a Hurricane Irma dispute. The storm damaged Positano's property. There are four condominium associations[2] in Positano Place, each with its own insurance policy to cover their respective buildings. Within Positano Place IV, there are four buildings with separate limits and windstorm deductibles. The insurance policy between Positano and Empire covered the Irma losses ("Policy"). After investigation, Positano submitted a sworn proof of loss of over $1.2 million. Empire decided there was a covered loss but refused to pay the full extent of the loss. Because the parties disputed the amount of loss, Positano invoked the Policy's appraisal provision. That provision provides either party the right to invoke appraisal for amount-of-loss disputes and sets out a procedure. But Empire refused to comply with the appraisal process.

---

[2] The four condo associations each filed separate lawsuits: 2:21-cv-178 (*Positano Place at Naples I*), 2:21-cv-181 (*Positano Place at Naples II*), 2:21-cv-183 (*Positano Place at Naples III*), and 2:21-cv-186 (*Positano Place at Naples IV*). Filed in all are the same (or at least substantially similar) motion to compel, report and recommendation, objections, and responses. Thus, a substantially similar Opinion and Order will apply to all the actions and will be entered in each.

2

Positano brings a three-count Second Amended Complaint, seeking to hold Empire to its promise to participate in appraisal. (Doc. 42). Count 1 seeks specific performance of the Policy in the form of compelling appraisal. Count 2, pled in the alternative, alleges breach of the Policy for Empire's failure to comply with the appraisal process. And Count 3, pled in the alternative, seeks a declaratory judgment for coverage and appraisal. Empire denies that the claim is suitable for appraisal and denies that Positano has complied with the Policy terms entitling it to appraisal. (Doc. 43).

## DISCUSSION

Empire raises five objections to the R&R: (1) Positano did not sufficiently plead or show entitlement to injunctive relief in the form of specific performance; (2) appraisal cannot be compelled for buildings where coverage was denied; (3) Empire is entitled to certain guidelines or boundaries for the conduct of appraisal to satisfy due process; (4) appraisal should not be compelled absent a trial or summary judgment procedure; and (5) there is no reason to stay discovery.

### 1. Injunctive Relief

Empire argues that compelling appraisal constitutes enforcement of contractual terms by injunctive relief in the form of specific performance, which must be sufficiently pled and proven before the Court may procedurally exercise its power to award it. And relatedly, the Second Amended Complaint

3

includes a count entitled "specific performance" that seeks an order compelling the use of the contractually agreed upon appraisal process to set the amount of loss. Thus, Empire argues Positano must first obtain judgment in its favor for specific performance before an appraisal may take place. Empire also argues that referring the amount-of-loss question to an appraisal panel would divest this Court of its jurisdiction to determine whether a breach occurred and would otherwise deny Empire due process and the right to a jury trial.

The problem for Empire—and for Positano in its attempt to plead a count for specific performance (as an alternative to its breach of contract and declaratory relief counts)—is that the appraisal process is not remedial. Just as an order requiring the parties to attend a mediation is not remedial, participation in the appraisal process will not remedy the damages caused by Hurricane Irma. Rather, as a remedy for the harms caused by Hurricane Irma, Positano seeks to recover the benefits due under the policy in the form of a judgment for monetary damages. (Doc. 42 at 7-10). The appraisal will be but one step in this process, supplying an extra-judicial mechanism to calculate the amount of loss. As the Eleventh Circuit explained in *CMR Construction and Roofing, LLC v. Empire Indem. Corp.*, 843 F. App'x 189, 193 (11th Cir. 2021): "Appraisal is a form of alternative dispute resolution that sets a disputed loss amount." *See also Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888, at *3 (M.D. Fla.

4

Mar. 31, 2021) (recognizing that appraisal is neither a remedy nor a theory of recovery, but a private dispute-resolution mechanism; finding that the Court will not treat references to private dispute-resolution mechanisms as summary judgment-like motions because to do so would undermine the parties' agreement). As recognized by this Court within the past year, Empire has advanced the injunction argument before and failed. *Id.* (citing *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019), *reconsideration denied*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019) (citing *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-CV-779-FTM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019)).

The Court's source of authority to order the parties to participate in an alternative dispute process comes from its subject-matter jurisdiction over a contract dispute where the contract contains a provision where the parties contracted for the right to have amount-of-loss disputes decided informally by experienced appraisers. Further, because appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment. *Waterford*, 2019 WL 3852731, at *2 ("Unlike a summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment.").

Thus, Empire's objections that Plaintiff did not sufficiently plead or show entitlement to specific performance and that appraisal should not be compelled absent a summary judgment or trial, are overruled.

### 2. Undamaged Buildings

Empire argues that appraisal is improper for three of the four buildings for which it denied coverage. Empire says that it denied coverage for the three buildings (12940 Positano Circle, 12955 Positano Circle, and 12958 Positano Circle) because those buildings "did not suffer any hurricane damage whatsoever." (Doc. 51 at 17). But that isn't what the record shows. In 2018, a letter from Empire about the claim states that at least the Positano Circle roofs suffered minimal wind damage but also observed tiles cracked by foot traffic. (Doc 50-1 at 9). Thus, there is at least a dispute over the cause of the damage. As the R&R explained, Empire did not "wholly deny" coverage for each building, bringing this case in line with the facts of *Merrick Preserve Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, 315 So. 3d 45, 50 (Fla. Dist. Ct. App. 2021) ("[W]here the insurer has not 'wholly denied' coverage, but the parties dispute whether the claimed damage resulted from a covered or uncovered cause, appraisal is appropriate to determine causation."). Even leaving that aside, the same result would apply. The Court has "discretion over the relative timing of appraisal and coverage determinations," and requiring appraisal as to the buildings covered by the Policy will "likely assist

6

the Court when it later determines coverage." *Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-468-SPC-MRM, 2021 WL 4438370, at *5-6 (M.D. Fla. Sept. 28, 2021).

### 3. Appraisal Award Guidelines

Empire argues that if it is forced to appraisal, the Court should impose certain minimal guidelines (listed at pages 16 and 17 of its brief) to ensure the parties receive due process protections. The Court has denied requests to impose guidelines on the appraisal process in the past because no policy language requires such a form, and the Court relies on that line of cases here. *See Castillo*, 2021 WL 4438370, at *6; *Waterford*, 2019 WL 3852731, at *3; *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, 2:18-cv-460-FtM-38CM, 2019 WL 721286, at *3 (M.D. Fla. Jan. 30, 2019), *report and recommendation adopted*, 2:18-cv-460-FtM-38UAM, 2019 WL 700114 (M.D. Fla. Feb. 20, 2019). Although Empire does not request such a specific form, Judge McCoy recommends—based on a reading of the Policy as a whole—that the appraisal panel should issue an award that delineates between the specific coverages offered under the Policy for each unique building. (Doc. 53 at 26). Seeing no objection to this recommendation, the Court need correct only plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain";

7

(3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999). The Court finds no plain error in Judge McCoy's recommendation and thus adopts it.

### 4. Staying the Proceedings

Finally, Empire objects to a stay as unnecessary if appraisal does not take place, and as improper should appraisal take place, given Empire's right to conduct discovery about its defenses. Positano favors a stay.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, *1 (M.D. Fla. July 25, 2014) (citation omitted).

The Court finds that a stay is appropriate as appraisal might resolve the parties' dispute. *See Waterford*, 2019 WL 3852731, at *3 ("[A] stay would

8

preserve judicial resources because appraisal might resolve the parties' dispute.").

The Court thus rejects all of Empire's objections. After independently examining the file and on consideration of Judge McCoy's findings and recommendations, the Court accepts and adopts the R&R.

### 5. Appraisal and Empire Selection

One final matter to address is the selection of appraisers and an umpire. The Policy calls for each party to select a competent and impartial appraiser and the two appraisers to select an umpire. If the parties cannot agree, either may request that the selection be made by a judge. The Court hopes the parties can agree and move on, but if not, the Court refers any dispute to Judge McCoy to conduct a conference with the parties and issue any appropriate order to select appraisers and an umpire.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 54) are **OVERRULED**.

2. United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 53) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

3. Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 44) is **GRANTED**.  The parties are **ORDERED** to expeditiously conduct an appraisal as prescribed by the appraisal provisions of the Policy. The appraisal award will delineate between the specific coverages offered under the Policy for each unique building.

4. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file.

5. The parties are **DIRECTED** to file a joint report on the status of appraisal on or before **June 8, 2022**, and every **ninety days** thereafter until appraisal has ended.

6. Within **seven days** of appraisal ending, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

7. If the parties cannot agree on the selection of appraisers and an umpire, they must notify Judge McCoy by **March 24, 2022**.  Any dispute over the selection of appraisers and an umpire is **REFERRED** to Judge McCoy to conduct a conference and issue any appropriate order.  All parties must **ATTEND** the conference as directed by Judge McCoy.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

11